## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | CASE NO. | 19-51593 |
| RONALD E. MASSIE, | ) | | |
| | ) | CHAPTER | 13 |
| Debtor. | ) | | |
| | ) | ECF No. | 40 |

### Appearances

Mr. Ronald E. Massie                                        *Pro se Debtor*

Roberta Napolitano                                        *Chapter 13 Trustee*
10 Columbus Boulevard
6th Floor
Hartford, CT 06106

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION TO DISMISS CASE WITH PREJUDICE

Julie A. Manning, Chief United States Bankruptcy Judge

### I.     Introduction

Ronald E. Massie (the "Debtor"), proceeding *pro se*, commenced this case by filing a

Chapter 13 petition on December 6, 2019.  After a deficiency notice issued regarding the

Debtor's failure to file a Chapter 13 Plan with the petition, the Debtor filed a Chapter 13 Plan on

December 20, 2019.  The Debtor then filed a First Amended Chapter 13 Plan on January 6, 2020

(the "First Amended Plan").  A confirmation hearing on the First Amended Plan was scheduled

to be held on April 9, 2020.

The First Amended Plan proposes to retain the real property commonly known as 451

Mansfield Avenue, Darien, Connecticut (the "Debtor's principal residence").  The Debtor's

principal residence is the subject of a Judgment of Foreclosure by Sale entered on August 12,

2019, more than three months before the Debtor filed this Chapter 13 case.  The Judgment of Foreclosure by Sale found that as of August 12, 2019, the debt owed to the Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), was $4,785,353.80 and the value of the Debtor's principal residence was $3,200,000.00.

On March 13, 2020, the Chapter 13 Trustee filed a Motion to Dismiss Case with Prejudice seeking to bar the Debtor from filing a case under any chapter of the Bankruptcy Code for a period of two years (the "Motion to Dismiss with Prejudice," ECF No. 40).  The Chapter 13 Trustee also filed an Objection to Confirmation of the First Amended Plan asserting, among other things, that: (i) the Debtor has not made all required payments to the Chapter 13 Trustee; (ii) the Debtor has not provided the Chapter 13 Trustee with evidence of his income for the six months prior to the filing of his Chapter 13 case; (iii) the Debtor failed to provide the Chapter 13 Trustee with a real property valuation of the Debtor's principal residence; (iv) the First Amended Plan does not treat the claim of Wells Fargo, the holder of the first mortgage on the Debtor's principal residence; and (v) the First Amended Plan is not feasible under 11 U.S.C. § 1325(a)(6) because the Debtor's excess income needed to fund the Plan is wholly insufficient to cure the debt owed to Wells Fargo (the "Objection to Confirmation," ECF No. 41).

On March 17, 2020, a Notice of Hearing was issued scheduling a hearing on the Motion to Dismiss with Prejudice to be held on April 9, 2020.  On March 30, 2020, the Debtor filed an Objection and Response to the Motion to Dismiss with Prejudice (the "Objection," ECF No. 46).  Also on March 30, 2020, the Debtor filed an Emergency Motion for Stay of Bankruptcy Case asserting that all matters in his Chapter 13 case should be stayed until October 2, 2020, due to the COVID-19 crisis (the "Emergency Motion for Stay," ECF No. 45).

On April 9, 2020, a hearing was held on the Motion to Dismiss with Prejudice, the

Emergency Motion for Stay, and the confirmation of the First Amended Plan. At the conclusion

of the hearing, the matters were taken under advisement. For the reasons that follow, the Motion

to Dismiss with Prejudice is granted, and the Emergency Motion for Stay and the First Amended

Plan are moot due to the dismissal of the case with prejudice.

## II.  **Discussion**

### A.  The Debtor is not eligible to be a Chapter 13 debtor.

Section 1307, which governs dismissal of Chapter 13 cases, states, in part, as follows:

> (c) Except as provided in subsection (f) of this section, on request of a party in
> interest or the United States trustee and after notice and a hearing, the court may
> convert a case under this chapter to a case under chapter 7 of this title, or may
> dismiss a case under this chapter, whichever is in the best interests of creditors
> and the estate, for cause…

11 U.S.C. § 1307(c). Subsection (c) further provides "a non-exhaustive list of events that would

be considered 'for cause.'" *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017). Pursuant

to section 109(e) of the Bankruptcy Code, only an individual with regular income that owes, on

the date of the filing of the petition, noncontingent, liquidated, secured debts of less than

$1,257,850.00 is eligible to be a debtor under Chapter 13. *See* 11 U.S.C. § 109(e). "[I]f the

court finds the debtor to be ineligible for chapter 13, the court has discretion either to dismiss or

to convert the case, depending on the best interests of the creditors and the estate." 8 *Collier on*

*Bankruptcy*, ¶ 1307.4 (16th ed. 2020). "Cause" under section 1307(c) "may include a debtor's

failure to meet eligibility requirements." *In re Villaverde*, 540 B.R. 431, 433 (Bankr. C.D. Cal.

2015) (citing *Smith v. Rojas (In re Smith)*, 435 B.R. 637, 649 (9th Cir. BAP 2010) (affirming

dismissal of chapter 13 case due to debtor exceeding the § 109(e) debt limits)).

The secured claims filed in the Debtor's case total $5,063,557.93, well above the $1,257,850.00 secured debt limit set forth in section 109(e).  Furthermore, the secured debt on the Debtor's principal residence alone exceeds the Chapter 13 debt limit.  Wells Fargo filed Proof of Claim 1, asserting a secured claim in the amount of $4,960,926.42, which is more than three times the debt limit set forth in section 109(e).  Although the Debtor has objected to Wells Fargo's Proof of Claim, the objection does not remove the amount of the claim from the debt limit calculation.  *See Matter of Knight*, 55 F.3d 231, 234 (7th Cir. 1995) (concluding, "in light of the virtual synonymy of 'debt' and 'claim,'" that a claim that is disputed is a debt that is included when calculating section 109(e) requirements); *c.f. In re Mazzeo*, 131 F.3d 295, 303 (2d Cir. 1997) (explaining that a debt is not contingent merely because the debtor disputes the claim); *In re Morton*, 43 B.R. 215, 220 (Bankr. E.D.N.Y. 1984) (finding section 506(a), which "provides for bifurcation of an *allowed* claim," does not apply to an eligibility determination under section 109(e)) (emphasis in original).

Furthermore, even though the Debtor received a discharge in a prior bankruptcy case, the Debtor is still not eligible to be a Chapter 13 debtor.  The "debt" or "claim" at issue in the Debtor's case is Well Fargo's claim, which is "secured only by a security interest in real property that is the [D]ebtor's principal residence…." *See* 11 U.S.C. § 1322(b)(2).  Therefore, the rights of Wells Fargo may not be modified in the First Amended Plan in accordance with the anti-modification provision set forth in 11 U.S.C. § 1322(b)(2).  Because the Debtor may not attempt to bifurcate the debt due to the operation of section 1322(b)(2), the total amount of Wells Fargo's debt is counted toward the secured debt limit in section 109(e).  *See 2 Collier on Bankruptcy*, ¶109.06 (16th ed. 2020).  Accordingly, the Debtor is not eligible to be a Chapter 13 debtor and his case is dismissed for cause in accordance with sections 1307(c) and 109(e).

4

**B. Cause exists to dismiss the Debtor's case with prejudice.**

While dismissal of a case is generally without prejudice, section 349(a) "expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd,* 198 F.3d 327 (2d Cir. 1999). Section 349(a) provides, "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349. Therefore, "if 'cause' exists, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse*, 219 B.R. at 662.

In addition to the authority to dismiss a case for cause set forth in section 349(a), section 105(a) provides that "[n]o provision of this title shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Section 105(a) provides bankruptcy courts with a general grant of power to police dockets and afford appropriate relief. *See* 2 *Collier on Bankruptcy*, ¶ 105.01[2] (16th ed. 2020) (citing *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017), *reconsideration denied*, 582 B.R. 358 (Bankr. S.D.N.Y. 2018) ("Section 105(a) is understood as providing courts with discretion to accommodate the unique facts of a case consistent with policies and directives set by the other applicable substantive provisions of the Bankruptcy Code.")). Thus, section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process.

The facts and circumstances surrounding the filing of the Debtor's case support the conclusion the case was not filed in good faith and was filed to hinder, delay, or frustrate creditors, which is an abuse of the bankruptcy process.  There are several reasons underlying this conclusion.

    1.   <u>The Debtor's case was filed without a legitimate bankruptcy purpose.</u>

The Debtor's case lacks a legitimate bankruptcy purpose, which is an abuse of process. *See In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995).  Wells Fargo commenced a foreclosure action against the Debtor in Connecticut Superior Court on May 2, 2013, *Wells Fargo Bank, N.A. v. Massie, Ronald E. et al.*, FSTCV13136028422S, (the "State Court Foreclosure Action").  After years of pleadings, foreclosure mediation sessions, and the filing of a prior bankruptcy case, on August 12, 2019, a Judgment of Foreclosure by Sale was entered in the State Court Foreclosure Action.  The Judgment of Foreclosure by Sale set December 7, 2019 as the date on which the foreclosure sale was to be conducted.  On December 6, 2019, the day before the scheduled foreclosure sale, the Debtor filed this Chapter 13 case.

In the Objection to the Motion to Dismiss with Prejudice and in the objection to Wells Fargo's Proof of Claim 1, the Debtor challenges the legitimacy of Wells Fargo's claim. Specifically, he avers he is not indebted to Wells Fargo and his personal liability to Wells Fargo was discharged in his previous bankruptcy case[1].  The Debtor's arguments here are belied by the Judgment of Foreclosure by Sale, which necessarily found that the Debtor owed a debt to Wells Fargo and that Wells Fargo was entitled to foreclose.[2] *See Bank of New York Mellon v. Bell*, No.

---

[1] The Debtor filed a Chapter 11 case on April 18, 2014, which was converted to a case under Chapter 7 on October 27, 2016.  *See* Case No. 14-50579.  The Debtor received a Chapter 7 discharge November 1, 2017.

[2] The Debtor appealed the denial of the Motion to Open Judgment and Extend the Sale Date to the Connecticut Appellate Court, the same day he filed this Chapter 13 case.

3:11-CV-1255 JAM, 2014 WL 7270232, at *3 (D. Conn. Dec. 18, 2014), *aff'd sub nom. Bank of New York Mellon as Tr. for BS ALT A 2005-9 v. Bell*, 745 F. App'x 427 (2d Cir. 2018) ("In order to succeed on a foreclosure action, plaintiff must establish three elements: (1) that it owns the secured debt, (2) that the defendants have defaulted on the note, and (3) that any conditions precedent to foreclosure established by the note or mortgage are satisfied.") (citing *Wells Fargo Bank, N.A. v. Strong,* 149 Conn. App. 384, 392, 89 A.2d 392, *cert. denied,* 94 A.3d 1202 (2014)).

The Debtor's arguments challenging the validity of Wells Fargo's claim are also at odds with his admissions in the prior bankruptcy case he filed jointly with his wife (the "Debtor's 2014 bankruptcy case"). The Debtor's 2014 bankruptcy case was commenced as a Chapter 11 case and the Debtor and his wife were represented by counsel throughout the case. During the Debtor's 2014 bankruptcy case, the Debtor entered into a stipulation with Wells Fargo (which was subsequently ordered by the Court) in which he agreed to make adequate protection payments to Wells Fargo, thereby acknowledging his indebtedness to Wells Fargo. *See* Case No. 14-50579, ECF No. 208. Furthermore, the Debtor's 2014 bankruptcy case was converted to a Chapter 7 case only after the United States Trustee moved to dismiss the case with a bar to refiling another bankruptcy case due to the Debtor's inability to confirm a Chapter 11 Plan. *See* Case No. 14-50579, hearing on Motion to Dismiss or Convert, ECF No. 219. The Debtor admitted the inability to confirm a Chapter 11 Plan and requested that the case be dismissed. The Court denied the Debtor's request and an Order entered converting the Debtor's 2014 bankruptcy case to a Chapter 7 case. *See* Case No. 14-50579, ECF No. 220. The Debtor's conduct in the 2014 bankruptcy case and in this Chapter 13 case establish that this case was filed with no legitimate bankruptcy purpose.

2.  <u>The Debtor cannot confirm a Chapter 13 Plan</u>. !

The Debtor has not, and is unable to, propose a confirmable Chapter 13 plan.  The First

Amended Plan does not list any creditors, proposes to make monthly payments of $1,800.00 for

36 months, and states that no collateral will be surrendered.  Section VII of the First Amended

Plan (the nonstandard provisions of the Chapter 13 plan) asserts that there are no secured

creditors with proven claims and that the Debtor disputes any alleged secured creditor's claims.

The First Amended Plan, on its face, is unconfirmable because, among other reasons, it fails to

acknowledge and treat the secured claim of Wells Fargo.

According to the calculations in the Motion to Dismiss with Prejudice, the First Amended

Plan would have to provide for monthly payments of $108,498.00 for 60 months to Wells Fargo

in order to properly treat its secured claim.  The Debtor's Schedules I and J, however, indicate

that the Debtor has a monthly net income of $1,550.00, making it financially impossible for the

Debtor to confirm a plan that treats Wells Fargo's secured claim.  "The filing of a bankruptcy

petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an

abuse of the Bankruptcy Code."  *Felberman*, 196 B.R. at 681.

The fact that the Debtor received a discharge in his 2014 bankruptcy case does not

change the analysis.  Although a bankruptcy discharge eliminates a borrower's personal liability

with respect to real property secured by a lien, a Chapter 7 discharge does not eliminate a lien on

the property and a lender is still permitted to proceed with its *in rem* rights with respect to the

property if timely payments are not made.  *See* 11 U.S.C. § 727(b); *Johnson v. Home State Bank*,

501 U.S. 78, 80 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a

claim—namely, an action against the debtor *in personam*—while leaving intact another—

namely, action against the debtor *in rem.*").  The United States Supreme Court and courts in

this jurisdiction have held that liens on real property and other secured interests pass through bankruptcy unaffected. *See Dewsnup v. Timm*, 502 U.S. 410 (1992); *see also Curwen v. Whiton*, 557 B.R. 39, 43 (D. Conn. 2016). While a bankruptcy discharge precludes a secured creditor from pursuing a deficiency judgment against the debtor personally, it leaves intact the secured creditor's *in rem* right to foreclose if payments are not made. *Id*. As the United States Supreme Court held in *Johnson*, 501 U.S. at 84,

> Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an "enforceable obligation" of the debtor.

In order for the Debtor to confirm a Chapter 13 Plan in which he proposes to retain his principal residence subject to Wells Fargo's mortgage, he must treat Wells Fargo as a secured creditor in his Chapter 13 Plan. If the Debtor's Chapter 13 Plan does not acknowledge and treat Wells Fargo's secured claim, the only other choice the Debtor has is to surrender his principal residence and allow Wells Fargo to exercise its "right to an equitable remedy" of foreclosure. Here, the First Amended Plan proposes to retain the Debtor's principal residence regardless of Wells Fargo's *in rem* foreclosure rights. However, the Debtor can only retain his principal residence if he satisfies Wells Fargo's *in rem* rights, which he has not proposed to do. Any attempt by the Debtor to do so would be futile because his own Schedules I and J, filed under penalty of perjury, demonstrate that he does not have the financial ability to successfully propose to do so.

III.    **Conclusion**

For the reasons set forth above, the Debtor is not eligible to be a Chapter 13 debtor because his secured debts exceed the statutory maximum. *Se*e 11 U.S.C. §§ 1307(c), 109(e). In addition, pursuant to 11 U.S.C. §§ 349(a) and 105(a), dismissal of the Debtor's case with prejudice is warranted under the circumstances present here. *See Casse*, 219 B.R. at 662.

Because the Court concludes that the instant case was filed to frustrate creditors, including Wells Fargo, from exercising their applicable non-bankruptcy law rights to foreclose and not for a proper bankruptcy purpose, a two-year bar to refiling is appropriate under the circumstances of this case. *See In re Bolling*, 609 B.R. 454, 458 (Bankr. D. Conn. 2019) (imposing a two-year bar to refiling when the debtor filed successive bankruptcy petitions to delay completion of a state court foreclosure action, which allowed the court to conclude the debtor did not demonstrate good faith by filing the chapter 13 case).

Accordingly, it is hereby

**ORDERED**: The Motion to Dismiss with Prejudice is granted pursuant to 11 U.S.C. §§ 1307(c) and 109(e), and pursuant to sections 349(a) and 105(a), the Debtor is barred from filing for relief under any chapter of the Bankruptcy Code, in any bankruptcy court, for a period of not less than two (2) years from the date of entry of this Order; and it is further

**ORDERED**: The Debtor's Motion for Emergency Stay, ECF No. 45, and the First Amended Plan, ECF No. 22, are denied as moot due to the dismissal of this case with prejudice; and it is further

**ORDERED**: The Clerk's Office is directed to dismiss and close the adversary proceeding commenced by the Debtor against Wells Fargo, Adv. Pro. No. 20-05012, in light of this

Memorandum of Decision and Order which moots the claims asserted in the adversary proceeding[3]; and it is further

      **ORDERED**: At or before 5:00 p.m. on May 14, 2020, the Clerk's Office shall serve this Order upon the Debtor on the address listed on the petition and at any email address provided by the Debtor.

      Dated at Bridgeport, Connecticut this 14th day of May, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut

---

[3] *See In re Grocott*, 507 B.R. 816, 819 (E.D. Pa. 2014) ("The general rule is that the dismissal of a bankruptcy case should result in the dismissal of 'related proceedings' because the court's jurisdiction is based on the nexus between the underlying bankruptcy case and those proceedings."); *Boyce v. Citibank, N.A.*, No. 15-CV-07408 (JFB), 2017 WL 87066, at *4 (E.D.N.Y. Jan. 10, 2017), *aff'd sub nom. In re Boyce*, 710 F. App'x 44 (2d Cir. 2018) (stating that, while not mandatory, the favored rule is that general jurisdiction for adversary proceedings does not survive dismissal of the underlying bankruptcy case because the basis for jurisdiction over the adversary proceeding depends on its nexus with the underlying bankruptcy case) (citing *Presidential Gardens Assocs. v. United States ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 142 (2d Cir. 1999) and *Johnson v. Wells Fargo Bank, N.A. (In re Johnson)*, No. 09-49420, 2014 WL 4197001, at *28 (Bankr. E.D.N.Y. Aug. 22, 2014)).